UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

Index No.:

------------------------------------------------------------X  
JULIO RIVERA,

                Plaintiff,

                **COMPLAINT**

    -against-

ESPLANADE, L.L.C., DAVID SOLOMON, individually,  
ALEXANDER SCHARF, individually, SUSAN SCHARF,  
DIAMOND, individually, and IGNATIOUS MOULTRIE,  
individually,

Plaintiff Demands a Trial By Jury

                Defendants.  
------------------------------------------------------------X

Plaintiff, by his attorneys, the ARCÉ LAW GROUP, P.C., upon information and belief, complains of Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 U.S.C. Section 1981, and to remedy violations of the Administrative Code of the City of New York, the laws of the State of New York and the New York Common Law based upon the supplemental jurisdiction of this Court pursuant to <u>Gibb</u>, 38 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by his employer on the basis of his race together with retaliation and unlawful termination.

### JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 <u>et. Seq.</u>; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff is a Hispanic resident of the State of New York, County of Bronx.

6. At all times material, Defendant ESPLANADE, L.L.C. (herein also referred to as "ESPLANADE") was and is a domestic limited liability company, duly existing under the laws of the State of New York.

7. Defendant ESPLANADE maintains its principal place of business in the State of New York.

8. At all times material, Defendant IGNATIOUS MOULTRIE (herein also referred to as "MOULTRIE") was and is a resident of the State of New York.

9. At all times material, Defendant MOULTRIE was and is an employee of Defendant ESPLANADE.

10. At all times material, Defendant MOULTRIE was and is Defendant ESPLANADE's "House Keeping Manager."

11. At all time material, Defendant DAVID SOLOMON (herein also referred to as "SOLOMON") was and is an employee of Defendant ESPLANADE.

12. At all times material, Defendant SOLOMON was and is an owner of Defendant ESPLANADE.

13. At all time material, Defendant ALEXANDER SCHARF (herein also referred to as "SCHARF") was and is an employee of Defendant ESPLANADE.

14. At all times material, Defendant SCHARF was and is an owner of Defendant ESPLANADE.

15. At all time material, Defendant SUSAN SCHARF DIAMOND (herein also referred to as "DIAMOND") was and is an employee of Defendant ESPLANADE.

16. At all times material, Defendant DIAMOND was and is an owner of Defendant ESPLANADE.

17. Defendant ESPLANADE, Defendant MOULTRIE, Defendant SOLOMON, Defendant SCHARF and Defendant DIAMOND are also herein collectively referred to as "Defendants."

18. At all times material, Plaintiff was an employee for Defendants at their 305 West End Avenue location.

19. At all times material, Defendant MOULTRIE was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

20. At all times material, Defendant SOLOMON was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

21. At all times material, Defendant SCHARF was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

22. At all times material, Defendant DIAMOND was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

## MATERIAL FACTS

23. On or about March 1, 2011, Plaintiff began working for Defendants as a "House Keeper."

24. In or around August 2011, Plaintiff's manager, Defendant MOULTRIE, began to harass and discriminate against Plaintiff because of his race.

25. Beginning in or around August 2011, on a daily basis, Defendant MOULTRIE called Plaintiff a **"Puerto Rican Spic"** and told Plaintiff to **"you look like a drug addict."**

26. Plaintiff asked Defendant MOULTRIE to stop but the harassment and discrimination continued.

27. **Defendant MOULTRIE told Plaintiff that he (Plaintiff) was the boy who cried wolf because, although Plaintiff is complaining, no one would do anything to help him.**

28. In or around August 2011, Plaintiff complained to Marcy Levitt, Defendants' General Manager and Defendant MOULTRIE's supervisor, about the racial harassment and discrimination; specifically Plaintiff told Marcy that Defendant MOULTRIE relentlessly called him a **"Puerto Rican Spic."**

29. Marcy then scheduled a "sit-down" meeting in her office between Plaintiff and Defendant MOULTRIE. Marcy told Defendant MOULTRIE to stop calling Plaintiff names because "that is discrimination." Defendant MOULTRIE apologized to Plaintiff.

30. Approximately one week later, in retaliation for Plaintiff having complained about Defendant MOULTRIE's discriminatory behavior, Defendant MOULTRIE said to Plaintiff, **"you stupid fuck. Why are you complaining? No one is going to listen to you. I have worked here ten years, everyone who has ever complained under me has been let go."**

31. Beginning on a daily basis from in or around August 2011 to October 2011, in retaliation for Plaintiff having complained about Defendant MOULTRIE's discriminatory behavior, Defendant MOULTRIE said to Plaintiff **"if you make me lose my job, I'm going to find out where you live and hurt you. I'm going to hunt you down where you're at, stupid Spic."**

32. In or around October 2011, Plaintiff again complained to Marcy and also complained to Triney, Plaintiff's Shop Steward. Plaintiff specifically told them about the incessant harassment and discrimination.

33. In retaliation for Plaintiff's complaints, Defendant MOULTRIE began to harass and threaten Plaintiff even more frequently.

34. On a daily basis, Defendant MOULTRIE said to Plaintiff **"I'm going to hurt you Spic"** and **"If I can't find you I'm going to find someone close to you. I've been in prison and know what I'm doing."**

35. Defendant MOULTRIE also began to write Plaintiff up for things that he did not do. Plaintiff refused to sign each of the pretextual write-ups.

36. On or about January 12, 2012, Plaintiff filed a police report about Defendant's MOULTRIE's relentless harassment and threats to "beat him up" and "follow [him] home."

37. On or about January 12, 2012, after Plaintiff filed a police report, Defendant MOULTRIE approached Plaintiff by his locker and said **"I know you made a police report. I think I'm going to lose my job, so I'm going to follow you home and hurt you. You better take my words wisely."**

38. On or about January 12, 2012, in order to threaten Plaintiff, harass Plaintiff, intimidate Plaintiff and interfere with Plaintiff's right to file a complaint, when Plaintiff left work, Defendant MOULTRIE followed Plaintiff to the subway station.

39. On or about January 13, 2012, Plaintiff left Marcy a voicemail, complaining about Defendant MOULTRIE's continued harassment and threats, and told her that he had filed a police report against Defendant MOULTRIE.

50. On or about January 26, 2012, Defendants terminated Plaintiff because he filed a police report regarding Defendant MOULTRIE's threats to hurt him.

51. On or about January 26, 2012, Defendants terminated Plaintiff because he opposed Defendants' unlawful Employment Practices.

52. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

53. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

54. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

55. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

56. **Defendant SOLOMON, as an owner of Defendant ESPLANADE, is individually and personally liable to Plaintiff for discrimination under New York State Law.**

57. **Defendant SCHARF, as an owner of Defendant ESPLANADE, is individually and personally liable to Plaintiff for discrimination under New York State Law.**

58. **Defendant DIAMOND, as an owner of Defendant ESPLANADE, is individually and personally liable to Plaintiff for discrimination under New York State Law.**

59. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. Section 1981

60. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

61. 42 U.S.C. Section 1981 states in relevant part as follows:

> (a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

62. Plaintiff, a member of the Hispanic race, was discriminated against because of his race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

## AS A SECOND CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the

actual or perceived . . . .race, [or] national origin . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race.

## AS A THIRD CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>RETALIATION</u>

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

68. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to terminating Plaintiff's employment because she opposed Defendants' unlawful employment actions.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>SUPERVISOR LIABILTY</u>

69. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten, or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

74. Defendants violated the section cited herein as set forth.

## AS A SIXTH CAUSE OF ACTION
## UNDER STATE LAW
## DISCRIMINATION

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's . . . race [or] . . . national origin, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

77. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race.

78. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A SEVENTH CAUSE OF ACTION
## UNDER STATE LAW
## AIDING AND ABETTING

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

81. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

83. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

84. Defendants violated this section cited herein as set forth.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §1981, The New York City Administrative Code Title 8, §8-107 et. Seq, the New York Executive Law, and the New York Common Law; and that the Defendants harassed and discriminated against Plaintiff on the basis of his race, together with retaliation and unlawful termination;

B. Declaring that Defendants assaulted and battered Plaintiff;

C. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
April 17, 2012

By:

Arcé Law Group, P.C.
Attorneys for Plaintiff

Adriane S. Eisen, Esq.
30 Broad Street, 35th Floor
New York, New York 10004
(212) 587-0760